UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI **FILED**
EASTERN DIVISION

MAR 3 1 2006

WARNER BROS. ENTERTAINMENT, INC., )
WARNER BROS. CONSUMER PRODUCTS, INC., and )     U. S. DISTRICT COURT
TURNER ENTERTAINMENT CO., )                    EASTERN DISTRICT OF MO
)
*Plaintiffs*, )
)
v. )                                            Case No.
)
DAVE GROSSMAN CREATIONS, INC., )
GIFT OF SOUND LLC, X ONE X PRODUCTIONS )        JURY TRIAL DEMANDED
d/b/a X ONE X MOVIE ARCHIVES, INC., )
A.V.E.L.A., INC. d/b/a ART & VINTAGE )
ENTERTAINMENT LICENSING AGENCY, and **06 CV0 0 5 4 6 H E A**
ART-NOSTALGIA.COM, INC., )
)
*Defendants.* )

## COMPLAINT

COME NOW Plaintiffs Warner Bros. Entertainment, Inc. (*"Warner Bros.*

*Entertainment"*), Warner Bros. Consumer Products, Inc. (*"Warner Bros. Consumer Products"*),

and Turner Entertainment Co. (*"Turner"*) (collectively, *"Plaintiffs"*), and state the following as

their Complaint against Defendants Dave Grossman Creations Inc. (*"Dave Grossman*

*Creations"*), Gift of Sound LLC (*"Gift of Sound"*), X One X Productions d/b/a X One X Movie

Archives, Inc. (*"X One X"*), A.V.E.L.A., Inc. d/b/a Art & Vintage Entertainment Licensing

Agency (*"AVELA"*), and Art-Nostalgia.com, Inc. (*"Art-Nostalgia"*) (collectively,

*"Defendants"*).

## Jurisdiction & Venue

1.     This Court has jurisdiction pursuant to 17 U.S.C. §101 et al. (actions arising out

of the Federal Copyright Act), 15 U.S.C. §1121 (actions arising out of the Federal Trademark

Act), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1332(a) (diversity of citizenship), and 28

U.S.C. §1338 (general jurisdiction for copyright and trademark actions). The amount in controversy exceeds $75,000.00.

2.    Jurisdiction for the causes of action arising under the laws of the State of Missouri are based on the doctrine of supplemental jurisdiction.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(c) and §1400(b) because Defendant Dave Grossman Creations' principal place of business is within the Eastern District of Missouri ("*District*"), all other Defendants affiliate themselves with Dave Grossman Creations in this District and, therefore, conduct business activities within the District. Furthermore, venue is appropriate because a substantial portion of the acts giving rise to this case occurred within this District. Finally, on information and belief, all Defendants are selling and/or promoting the sale of products within this District.

## Allegations Common to All Counts

### The Parties

4.    Plaintiff Warner Bros. Entertainment is a corporation organized and existing under the laws of Delaware, having corporate offices at 4000 Warner Boulevard, Burbank, California 91522.

5.    Plaintiff Warner Bros. Consumer Products is a corporation organized and existing under the laws of Delaware, having corporate offices at 4000 Warner Boulevard, Burbank, California 91522.

6.    Plaintiff Turner is wholly-owned by WTTA Incorporated, which is wholly-owned by Warner Bros. Entertainment, organized and existing under the laws of Delaware, and having corporate offices at 4000 Warner Boulevard, Burbank, California 91522.

- 2 -

7. As a wholly-owned subsidiary of Warner Bros. Entertainment, Plaintiff Turner has conferred in Plaintiff Warner Bros. Entertainment the right to promote and enforce all rights in Plaintiff Turner's intellectual property, including without limitation, copyrights, trademarks and commercial use rights.

8. Plaintiff Warner Bros. Entertainment has conferred in Plaintiff Warner Bros. Consumer Products the exclusive right to manufacture, distribute and sell certain authentic licensed products at issue in this case pursuant to that certain License Agreement dated April 1, 2003, by and between Plaintiffs Warner Bros. Entertainment and Warner Bros. Consumer Products, attached hereto as **Exhibit A**.

9. On information and belief, Defendant Dave Grossman Creations is a corporation organized and existing under the laws of Missouri, having corporate offices at 1608 North Warson Road, St. Louis, Missouri 63132.

10. On information and belief, Defendant Gift of Sound is a limited liability company organized and existing under the laws of Missouri, having corporate offices at 1608 North Warson Road, St. Louis, Missouri 63132.

11. Upon information and belief, Defendants Dave Grossman Creations and Gift of Sound are under common ownership and control via their president and corporate officer, David Grossman.

12. Upon information and belief, Defendant X One X is organized and existing under the laws of Nevada, having corporate offices at 1135 Terminal Way, #209, Reno, Nevada 89502.

13. Upon information and belief, Defendant AVELA is a corporation organized and existing under the laws of Nevada, having corporate offices at 1135 Terminal Way, #209, Reno, Nevada 89502.

- 3 -

23194058\V-12

14.     Upon information and belief, Defendant Art-Nostalgia is a corporation organized and existing under the laws of Nevada, having corporate offices at 1135 Terminal Way, #209, Reno, Nevada 89502.

15.     Upon information and belief, Defendants X One X, AVELA and Art-Nostalgia are under common ownership and control via their president and corporate officer, Leo Valencia.

16.     Upon information and belief, Defendants Dave Grossman Creations and Gift of Sound operate within the District.

17.     Upon information and belief all other Defendants have willfully and intentionally manufactured, promoted, sold, offered for sale and distributed goods affiliated with Dave Grossman Creations and Gift of Sound which are located within the District.

### Plaintiffs' Copyrights, Trademarks and Commercial Use Agreement

18.     Plaintiffs are holders of exclusive rights including, but not limited to, copyrights covering the motion pictures THE WIZARD OF OZ and GONE WITH THE WIND (collectively "*Motion Pictures*").

19.     Plaintiffs' copyright registration certificates are attached hereto as **Exhibit B** and shall hereinafter be referenced as "*Plaintiffs' Copyrights*."

20.     Over time, the original owners of the copyrights assigned the copyrights to Plaintiffs. Documentation supporting and demonstrating the assignments is attached hereto as **Exhibit C**.

21.     Each of the copyrighted Motion Pictures contains a notice that the Motion Pictures are protected by the Copyright Act.

22.     Plaintiffs also own, hold and/or control exclusive rights in the following relevant trademark registrations.

- 4 -

The trademarks are as follows:

| MARK | REGISTRATION DATE | REGISTRATION NUMBER | CLASS |
|------|-------------------|---------------------|-------|
| WIZARD OF OZ | 8/29/1995 | 1,914,813 | 14 |
| WIZARD OF OZ | 12/7/1999 | 2,298,902 | 16 |
| WIZARD OF OZ | 11/20/2001 | 2,510,837 | 20 |
| WIZARD OF OZ | 3/12/2002 | 2,547,649 | 21 |
| WIZARD OF OZ | 2/4/1997 | 2,034,720 | 24 |
| WIZARD OF OZ | 10/10/1995 | 1,925,552 | 25 |
| WIZARD OF OZ | 10/5/1999 | 2,284,100 | 18 |
| WIZARD OF OZ | 10/7/1999 | 2,298,903 | 28 |
| WIZARD OF OZ | 8/24/1999 | 2,273,098 | 30 |
| WIZARD OF OZ | 3/25/2003 | 2,700,697 | 41 |
| YELLOW BRICK ROAD | 9/11/2001 | 2,487,967 | 28 |
| COWARDLY LION | 4/17/2001 | 2,444,952 | 16 |
| COWARDLY LION | 9/2/2003 | 2,758,615 | 21 |
| COWARDLY LION | 10/8/2002 | 2,630,198 | 25 |
| COWARDLY LION | 4/17/2001 | 2,444,656 | 28 |
| DOROTHY | 7/23/2002 | 2,597,928 | 21 |
| DOROTHY | 2/27/2001 | 2,431,993 | 25 |
| DOROTHY | 1/23/2001 | 2,423,711 | 28 |
| EMERALD CITY | 4/9/2002 | 2,559,849 | 21 |
| GLINDA | 7/14/1998 | 2,173,291 | 28 |
| GLINDA THE GOOD WITCH | 6/19/2001 | 2,462,292 | 28 |

- 5 -

| MARK | REGISTRATION DATE | REGISTRATION NUMBER | CLASS |
|---|---|---|---|
| RUBY SLIPPERS | 7/6/04 and 11/2/04 | 2,861,186 | 9 |
| RUBY SLIPPERS | 5/10/2005 | 2,949,421 | 16 |
| RUBY SLIPPERS | 5/10/2005 | 2,949,422 | 25 |
| RUBY SLIPPERS | 11/5/2002 | 2,647,264 | 28 |
| SCARECROW | 6/7/2005 | 2,960,076 | 14 |
| SCARECROW | 4/1/2003 | 2,702,173 | 21 |
| SCARECROW | 8/7/2001 | 2,476,118 | 25 |
| SCARECROW | 5/15/2001 | 2,451,304 | 28 |
| THERE'S NO PLACE LIKE HOME | 12/25/2001 | 2,522,947 | 16 |
| THERE'S NO PLACE LIKE HOME | 2/19/2002 | 2,540,752 | 25 |
| THERE'S NO PLACE LIKE HOME | 9/3/2002 | 2,615,201 | 27 |
| TIN MAN | 5/15/2001 | 2,451,305 | 16 |
| TIN MAN | 7/16/2002 | 2,595,070 | 21 |
| TIN MAN | 8/21/2001 | 2,480,274 | 25 |
| TIN MAN | 11/20/2001 | 2,511,127 | 28 |
| WICKED WITCH OF THE WEST | 4/24/2001 | 2,446,851 | 16 |
| WICKED WITCH | 6/19/2001 | 2,462,293 | 25 |
| WICKED WITCH OF THE WEST | 5/15/2001 | 2,451,559 | 28 |
| TOTO-LY OZ | 5/20/03 and 9/16/03 | 2,716,889 | 35 |

- 6 -

| MARK | REGISTRATION DATE | REGISTRATION NUMBER | CLASS |
|------|------------------|---------------------|-------|
| GONE WITH THE WIND | 3/25/2003 | 2,700,134 | 16 |
| GONE WITH THE WIND | 3/25/2003 | 2,700,137 | 28 |
| GONE WITH THE WIND | 11/25/2003 | 2,786,735 | 41 |
| RHETT BUTLER | 1/13/2004 | 2,804,169 | 28 |
| SCARLETT O'HARA | 1/13/2004 | 2,804,168 | 28 |

(Hereinafter referenced as "*Trademark Registrations*.")

23.     All of Plaintiffs' Trademark Registrations listed above shall be referred to collectively herein as "*Plaintiffs' Marks*."

24.     The Trademark Registrations identified above are valid and remain in full force and effect as evidence of the validity of Plaintiffs' Marks and of Plaintiffs' exclusive right to own and use Plaintiffs' Marks in connection with the goods specified in the Trademark Registrations. Plaintiffs' Trademark Registrations and relevant United States Patent and Trademark Office records for the Trademark Registrations are attached to this Complaint as **Exhibit D**.

25.     Plaintiffs own, hold and/or control exclusive rights in a Commercial Use Agreement in which Wells Fargo Bank, N.A. is the Licensor with respect to merchandising, commercial tie-in and publicity rights in the name, voice, signature, image and likeness of Clark Gable and Clark Gable as Rhett Butler in GONE WITH THE WIND (collectively, "*Likeness of Clark Gable*"). A copy of this Commercial Use Agreement ("*Clark Gable Commercial Use Agreement*") is attached hereto as **Exhibit E**.

- 7 -

23194058\V-12

26.     The Clark Gable Commercial Use Agreement states as follows:

1.      LICENSE

      Licensor grants to Licensee in perpetuity, and Licensee
hereby accepts, the exclusive right, license and privilege to utilize
Artist's likeness, as encompassed in Artist's portrayal of "Rhett
Butler" in "Gone With the Wind" ("Property") in connection with
any and all merchandising uses of the Property including but not
limited to the licensing, manufacture, promotion, distribution and
sale of goods and services incorporating such Property
("merchandising").

27.     The Clark Gable Commercial Use Agreement is presently in effect.

28.     Plaintiffs' Copyrights, Plaintiffs' Marks, the Clark Gable Commercial Use

Agreement and all other intellectual property belonging to Plaintiffs shall be referred to

collectively herein as "*Plaintiffs' Intellectual Property.*"

29.     Plaintiffs' Intellectual Property is well-known, famous and permanently

intertwined with the movies THE WIZARD OF OZ and GONE WITH THE WIND throughout

the United States as identifying Plaintiffs as the unique source of origin of the Intellectual

Property.

30.     Plaintiffs license their Intellectual Property to third parties for the manufacturing,

promoting, selling, offering for sale, and distributing of multiple products bearing the Intellectual

Property ("*Licensed Products*").

31.     Plaintiffs have not given any Defendant any right to manufacture, promote, sell,

offer for sale, or distribute the Intellectual Property.

32.     Plaintiffs have invested a tremendous amount of time, energy and money to

promote the Intellectual Property and Licensed Products bearing the Intellectual Property. As a

result of such efforts, the Intellectual Property has acquired secondary meaning in the market

- 8 -

23194058\V-12

place as an identifier and symbol of Plaintiffs' goodwill and as the exclusive source of origin for
Plaintiffs' Licensed Products.

## Dave Grossman Creations' Infringing Activities

33.     Defendant Dave Grossman Creations, at all times pertinent to the action, has been
a corporation which sells products including, but not limited to, cold cast resin figurines,
water/snow globes, simulated wood plaques, ceramic mugs, and wall décor.

34.     Beginning in 1993 and lasting through December 1999, Dave Grossman
Creations was a party to a series of license agreements with Plaintiffs, which gave Dave
Grossman Creations the limited, non-exclusive right to engage in the manufacture, distribution
and sale of certain products containing images and characters from the movie GONE WITH
THE WIND ("*GWTW Licensed Products*"). The final license agreement, as amended,
terminated on December 31, 1999, and is attached hereto as **Exhibit F**.

35.     From 1993 though June 1999, Dave Grossman Creations was a party to a series of
license agreements with Plaintiffs, which gave Dave Grossman Creations the limited, non-
exclusive right to engage in the manufacture, distribution and sale of certain products containing
images and characters from the movie THE WIZARD OF OZ ("*WOZ Licensed Products*"). The
final license agreement, as amended, terminated on June 30, 1999, and is attached hereto as
**Exhibit G**.

36.     Any license agreements with Plaintiffs to which Dave Grossman Creations was a
party and under which Dave Grossman Creations had the limited, non-exclusive right to
manufacture, distribute and sell certain GWTW Licensed Products and certain WOZ Licensed
Products expired over five years ago.

- 9 -

23194058\V-12

37. Despite the fact that Dave Grossman Creations has no right or interest in Plaintiffs' Intellectual Property, Dave Grossman Creations continues to trade on Plaintiffs' goodwill by applying Plaintiffs' Intellectual Property to multiple products, including but not limited to: cold cast resin figurines, water/snow globes, simulated wood plaques, ceramic mugs, wall décor, and other products and product packaging (*"Infringing Products"*).

38. The Infringing Products are sold to the general public on the Internet website www.davegrossmancreations.com (*"Grossman Website"*). Attached hereto as **Exhibit H** is the Grossman Website.

39. On information and belief, the Infringing Products are also sold in other wholesale and retail markets and channels. (**See Exhibit H.**)

40. On the Grossman Website, there is a weblink to a product section entitled "Wizard Of Oz." Under this weblink, Dave Grossman Creations features a catalog of 21 products offered for sale depicting characters, scenes and images from the movie THE WIZARD OF OZ. The "Wizard Of Oz" catalog is attached hereto as **Exhibit I**.

41. Also on the Grossman Website, there is a weblink to a product section entitled "Gone With The Wind." Under this weblink, Dave Grossman Creations features a catalog of seven products offered for sale depicting characters, scenes and images from the movie GONE WITH THE WIND. The "Gone With The Wind" catalog is attached hereto as **Exhibit J**.

42. Plaintiffs own, hold and/or control all exclusive rights in the Intellectual Property, and have not assigned any such rights to Defendant Dave Grossman Creations or any other Defendant.

43. On October 20, 2004, Plaintiffs' corporate counsel, Katherine Chilton, wrote a letter to David Grossman, President of Dave Grossman Creations. This letter demands that Dave

- 10 -

Grossman Creations "immediately cease and desist manufacture and sale of GONE WITH THE WIND items, including but not limited to, globes, musical boxes, playing cards and playing card boxes, as well as the manufacture and sale of "WIZARD OF OZ" items, including but not limited to, resin figurines, music boxes, globes, playing cards and playing card boxes." A copy of the October 20, 2004, letter is attached hereto as **Exhibit K**.

44.      In the October 20, 2004 letter, Ms. Chilton stated that Dave Grossman Creations had previously been a licensee of Plaintiffs, but that Dave Grossman Creations no longer had any license agreements in place and that any and all license agreements had expired "more than five years ago." **(See Exhibit K.)**

45.      On November 12, 2004, counsel for Dave Grossman Creations wrote a letter to Plaintiffs' counsel stating that "Dave Grossman Creations, Inc. is no longer in business. The corporation and the name 'Dave Grossman Creations' was sold in August, 2004, to Legends International Group." A copy of the November 12, 2004, is attached hereto as **Exhibit L**.

46.      Defendants have attempted to locate information about Legends International Group, but have not located or identified any information on this alleged business entity.

47.      On November 15, 2004, Ms. Chilton responded to Dave Grossman Creations' counsel by asking for further information about Legends International Group. A copy of this letter is attached hereto as **Exhibit M**.

48.      A November 22, 2004 letter, also from Dave Grossman Creations' attorney, states that "none of the products in the catalog are 'infringing' as they are being reproduced from licensed poster art through Art and Vintage Entertainment Licensing Agency" (a/k/a Defendant AVELA). A copy of the November 22, 2004, letter is attached hereto as **Exhibit N**.

- 11 -

49.     Notwithstanding the assertions that Dave Grossman Creations had been sold,

"Dave Grossman Creations" is copied on its attorney's November 22, 2004, letter. (See Exhibit
N)

50.     The Infringing Products and product packaging manufactured, promoted, sold,

offered for sale, and distributed from the Grossman Website bear labels which reference

Defendant "X One X Movie Archive" and Defendant "Gift of Sound" on the bottom of the

Infringing Products. Photographs of the Infringing Products with the labels referencing X One X

are attached hereto as Exhibit O. Photographs of the Infringing Products with labels referencing

Gift of Sound are attached hereto as Exhibit P.

51.     A web search for X One X directs users to Defendant AVELA's website

www.avela.net (the "*AVELA Website*"). The AVELA Website also references Defendant X One

X. The AVELA Website is attached hereto as Exhibit Q.

52.     Additionally, Defendant Art-Nostalgia's website, www.art-nostalgia.com ("*Art-Nostalgia Website*"), references X One X. The Art-Nostalgia Website is attached hereto as
Exhibit R.

53.     Defendants AVELA, X One X, and Art-Nostalgia all have the same president and

corporate officer, Leo Valencia.

54.     Defendant Dave Grossman Creations, acting in concert with all other Defendants,

has willfully and intentionally manufactured, promoted, sold, offered for sale, and distributed to

the general public the Infringing Products bearing Plaintiffs' Intellectual Property.

## Gift of Sound's Infringing Activities

55.     Certain Infringing Products include labels and product packaging referencing Gift

of Sound. (See Exhibit P.)

- 12 -

23194058\V-12

56. Plaintiffs own, hold and/or control all exclusive rights in the Intellectual Property and have not assigned any of their rights to Defendant Gift of Sound, or any other Defendant.

57. Defendant Gift of Sound is also referenced on the Grossman Website. (**See Exhibit H.**)

58. Defendant Gift of Sound has corporate headquarters located at the same address as Defendant Dave Grossman Creations.

59. The Presidents of Dave Grossman Creations and Gift of Sound are the same person, David Grossman.

60. Gift of Sound willfully and intentionally placed its product labels on the Infringing Products and assisted in the manufacturing, promoting, selling, offering for sale, and distributing to the general public the Infringing Products bearing Plaintiffs' Intellectual Property.

## X One X's Infringing Activities

61. A November 22, 2004, letter from Dave Grossman Creations' attorney expressly references that "none of the products in the catalog are 'infringing' as they are being reproduced from licensed poster art through Art and Vintage Entertainment Licensing Agency" (a/k/a Defendant AVELA). (**See Exhibit N.**)

62. A web search for Defendant X One X directs users to Defendant AVELA's website www.avela.net. AVELA's website expressly references Defendant X One X. (**See Exhibit Q.**)

63. Defendant X One X is also referenced on the Art-Nostalgia Website. (**See Exhibit R.**)

64. Defendants X One X, AVELA and Art-Nostalgia all have the same president and corporate officer, Leo Valencia.

- 13 -

65.     Defendants X One X, AVELA and Art-Nostalgia all have the same physical address as well: 1135 Terminal Way, #209, Reno, Nevada 89502.

66.     The Infringing Products ordered from the Grossman Website bear labels which reference Defendant "X One X Movie Archive" on the Infringing Products and the bottom of the packaging. **(See Exhibit N.)**

67.     Plaintiffs own, hold and/or control all exclusive rights in the Intellectual Property and have not assigned any of their exclusive rights to Defendant X One X, or any other Defendant.

68.     Defendant X One X has willfully and intentionally manufactured, promoted, sold, offered for sale, and distributed for sale to the general public the Infringing Products bearing Plaintiffs' Intellectual Property.

## AVELA's Infringing Activities

69.     In the November 22, 2004, letter from Mr. Grossman's attorney to Ms. Chilton, he states that "none of the products in the catalog are infringing as they are being reproduced from licensed poster art through Art and Vintage Entertainment Licensing Agency" (a/k/a Defendant AVELA). **(See Exhibit M.)**

70.     The AVELA Website promotes the sale of products bearing Plaintiffs' Intellectual Property. **(See Exhibit P.)**

71.     Defendants AVELA, X One X, and Art-Nostalgia all have the same president and corporate officer, Leo Valencia.

72.     Defendants AVELA, X One X, and Art-Nostalgia all have the same physical address as well: 1135 Terminal Way, #209, Reno, Nevada 89502.

- 14 -

73. Plaintiffs own, hold and/or control all exclusive rights in the Intellectual Property and have not assigned any of their exclusive rights to Defendant AVELA, or any other Defendant.

74. Defendant AVELA has willfully and intentionally promoted and exploited the manufacturing, promoting, selling, offering for sale, and distributing for sale to the general public the Infringing Products bearing Plaintiffs' Intellectual Property.

## Art-Nostalgia's Infringing Activities

75. The Art-Nostalgia Website refers to Defendant X One X.

76. The Art-Nostalgia Website promotes the sale of Infringing Products containing Plaintiffs' Intellectual Property. (See Exhibit R.)

77. Defendants Art-Nostalgia, AVELA, and X One X all have the same president and corporate officer, Leo Valencia.

78. Defendants Art Nostalgia, X One X, and AVELA all have the same physical address as well: 1135 Terminal Way, #209, Reno, Nevada 89502.

79. Plaintiffs own, hold and/or control all exclusive rights in the Intellectual Property and have not assigned any of their exclusive rights to Defendant Art-Nostalgia, or any other Defendant.

80. Defendant Art-Nostalgia has willfully and intentionally manufactured, promoted, sold, offered for sale, and distributed for sale to the general public the Infringing Products bearing Plaintiffs' Intellectual Property.

- 15 -

## COUNT I - COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 101)

81.    Plaintiffs hereby incorporate and reallege the allegations in paragraphs 1 through 80 of the Complaint as though fully set forth herein.

82.    This Count, arising under the Copyright Act, is for infringement of Plaintiffs' Copyrights.

83.    As Plaintiffs have stated previously, they alone own, hold and/or control the exclusive rights in Plaintiffs' Copyrights. (**See Exhibit B**.)

84.    Upon information and belief, each Defendant, without consent or permission from Plaintiffs, manufactures, promotes, sells, offers for sale, and distributes to the public Infringing Products containing Plaintiffs' well-known and well-loved copyrights for GONE WITH THE WIND and THE WIZARD OF OZ.

85.    In so doing, each Defendant has violated Plaintiffs' exclusive rights in Plaintiffs' Copyrights.

86.    Each Defendant's actions constitute a violation of Plaintiffs' Copyrights.

87.    Plaintiffs have properly advised consumers of Plaintiffs' Copyrights on their respective THE WIZARD OF OZ and GONE WITH THE WIND Licensed Products.

88.    The Motion Pictures are widely available and each Defendant has access to the Motion Pictures.

89.    Defendant Dave Grossman Creations, as a former licensee of Plaintiffs', clearly had access to Plaintiffs' Copyrights and for many years produced, under license from Plaintiffs, the very same products that Defendant Dave Grossman Creations now sells: the Infringing Products containing Plaintiffs' Copyrights.

- 16 -

90.     Defendants have infringed and continue to infringe upon Plaintiffs' Copyrights by manufacturing, promoting, selling, offering for sale, and distributing to the public their respective Infringing Products.

91.     Defendants' use of Plaintiffs' Copyrights is willful, intentional and/or in reckless disregard to the rights of Plaintiffs.

92.     Plaintiffs have been damaged by Defendants' unauthorized use of Plaintiffs' Copyrights.

## COUNT II - TRADEMARK INFRINGEMENT

## (15 U.S.C. § 1114)

93.     Plaintiffs hereby incorporate and reallege the allegations in paragraphs 1 through 92 of this Complaint as though fully set forth herein.

94.     As stated previously, Plaintiffs alone own, hold and/or control all rights in Plaintiffs' Marks. **See Exhibit C**.

95.     The Trademark Registrations for Plaintiffs' Marks are in full force and effect and are uncancelled.

96.     Notwithstanding Plaintiffs' continuous and exclusive use of Plaintiffs' Marks, Defendants have unlawfully used Plaintiffs' Marks in connection with the manufacturing, promoting, selling, offering for sale, and distributing of Infringing Products.

97.     Plaintiffs' Marks are distinctive and famous according to a number of factors including but not limited to, the degree of distinctiveness of the Plaintiffs' Marks, the duration and extent of use of the Plaintiffs' Marks, the degree of recognition of the Plaintiffs' Marks throughout the United States; the extent of use of the same or similar marks by third parties; and the existence of multiple incontestable federal registrations for Plaintiffs' Marks.

- 17 -

98. Defendants have used Plaintiffs' Marks in the manufacturing, promoting, selling, offering for sale, and distributing of Infringing Products that are identical or are substantially identical to those of Plaintiffs.

99. Defendant Dave Grossman Creations, as a former licensee of Plaintiffs, clearly had access to Plaintiffs' Marks and for many years produced, under license from Plaintiffs, the very products Dave Grossman Creations now sells: the Infringing Products containing Plaintiffs' Marks.

100. There is a great likelihood that Defendants' unlawful and unauthorized use of Plaintiffs' Marks will cause confusion, mistake or deception.

101. Defendants' unauthorized use of Plaintiffs' Marks is willful and intentional.

102. Defendants have willfully and knowingly infringed on Plaintiffs' exclusive rights to use Plaintiffs' Marks.

103. Plaintiffs have been damaged by Defendants' unlawful and unauthorized use of Plaintiffs' Marks.

## COUNT III - FEDERAL DILUTION

### (15 U.S.C. §1125(c))

104. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 103 of the Complaint as though fully set forth herein.

105. Plaintiffs alone own, hold and/or control all rights in Plaintiffs' Marks.

106. Plaintiffs' Marks are distinctive and famous according to a number of factors including but not limited to, the degree of distinctiveness of the Plaintiffs' Marks, the duration and extent of use of the Plaintiffs' Marks, the degree of recognition of the Plaintiffs' Marks

- 18 -

throughout the United States; the extent of use of the same or similar marks by third parties; and the existence of multiple incontestable federal registrations for Plaintiffs' Marks.

107. Defendants' Infringing Products are of a poor quality such that the public may wrongfully associate the lack of quality with Plaintiffs' Marks.

108. Defendants' commercial use of Plaintiffs' Marks after such Plaintiffs' Marks have become famous has caused dilution in the distinctive quality of the Plaintiffs' Marks and infringe on Plaintiffs' right to its famous marks.

109. Defendants adopted and are displaying Plaintiffs' Marks on Infringing Products with full knowledge of willful intention to trade on Plaintiffs' reputation as embodied by Plaintiffs' Marks, or to cause dilution of such mark.

110. Plaintiffs have been injured by Defendants' actions.

## COUNT IV - VIOLATION OF PLAINTIFFS' RIGHT OF PUBLICITY

111. Plaintiffs incorporate and reallege the allegations set forth in paragraphs 1 through 110 as though fully set forth herein.

112. Plaintiffs alone own, hold and/or control the sole and exclusive rights to use the Likeness of Clark Gable pursuant to the Clark Gable Commercial Use Agreement. (**See Exhibit E.**)

113. None of the Defendants have received any authorization to utilize the Likeness of Clark Gable.

114. Each of the Defendants use the Likeness of Clark Gable in conjunction with the Infringing Products which have been and are continuing to be manufactured, promoted, sold, offered for sale, and distributed to the general public.

- 19 -

115. By their unauthorized use of the Likeness of Clark Gable, Defendants have violated Plaintiffs' exclusive right of publicity.

116. Defendants have gained profits from their unauthorized use of the Likeness of Clark Gable.

117. Defendants' use of and promotion of the Likeness of Clark Gable on Infringing Products has injured Plaintiffs.

**COUNT V - UNFAIR COMPETITION**

**(15 U.S.C. § 1125(a))**

118. Plaintiffs incorporate and reallege the allegations set forth in paragraphs 1 through 117 as though fully set forth herein.

119. Plaintiffs alone own, hold and/or control all rights in Plaintiffs' Intellectual Property.

120. Defendants' acts constitute unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

121. Defendants are unlawfully manufacturing, promoting, selling, offering for sale, and distributing Infringing Products bearing Plaintiffs' Intellectual Property.

122. Defendants' unauthorized use of Plaintiffs' Intellectual Property in attempting to pass off their Infringing Products as if they are Plaintiffs' products in a manner calculated to deceive the general public is likely to cause confusion, mistake, and deception among the general consuming public as to the origin and quality of the Infringing Products.

123. The foreseeable consequences of Defendants' wrongful conduct has been and will continue to be the deprivation of the exclusive rights Plaintiffs have in Plaintiffs' Intellectual Property and associated goodwill.

124. Defendants' wrongful acts of unauthorized use of Plaintiffs' Intellectual Property have and will continue to injure Plaintiffs.

## COUNT VI - STATE UNFAIR COMPETITION

125. Plaintiffs allege and reincorporate the allegations set forth in paragraphs 1 through 124 of the Complaint as though fully set forth herein.

126. Plaintiffs alone own, hold and/or control all rights in Plaintiffs' Intellectual Property.

127. This Count arises under Missouri unfair competition law. Jurisdiction over this count is proper under the doctrine of supplemental jurisdiction.

128. Defendants are unlawfully manufacturing, promoting, selling, offering for sale, and distributing Infringing Products bearing Plaintiffs' Intellectual Property.

129. Defendants' unauthorized use of Plaintiffs' Intellectual Property in attempting to pass off their Infringing Products as if they are Plaintiffs' products in a manner calculated to deceive the general public is likely to cause confusion, mistake, and deception among the general consuming public as to the origin and quality of the Infringing Products.

130. The foreseeable consequences of Defendants' wrongful conduct has been and will continue to be the deprivation of the exclusive rights Plaintiffs have in Plaintiffs' Intellectual Property and associated goodwill.

131. Defendants' wrongful acts of unauthorized use of Plaintiffs' Intellectual Property have and will continue to injure Plaintiffs.

- 21 -

## Prayer for Relief

WHEREFORE, Plaintiffs Warner Bros. Entertainment, Inc., Warner Bros. Consumer Products, Inc., and Turner Entertainment Co. demand judgment against Defendants:

132. Finding that Plaintiffs are the owners of the entire right, title, and interest in and to the Plaintiffs' Intellectual Property.

133. Finding that Plaintiffs' rights in Plaintiffs' Intellectual Property are valid, enforceable, and have been infringed by Defendants, and that Defendants have violated other relevant federal and state laws and regulations.

134. Finding that Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from: (1) using Plaintiffs' Intellectual Property and other designations, designs, indicia which are likely to cause confusion, mistake, or deception with respect to Plaintiffs' rights; and (2) otherwise infringing rights in Plaintiffs' Intellectual Property, and competing unfairly with Plaintiffs.

135. Finding that Defendants willfully infringed Plaintiffs' rights.

136. Requiring Defendants to pay to Plaintiffs such damages, statutory or otherwise, together with prejudgment interest thereon, as Plaintiffs have sustained as a consequence of Defendants' wrongful acts, and to account for and return to Plaintiffs any money, profits, and advantages wrongfully gained by Defendants.

137. Trebling all damages sustained by Plaintiffs.

138. Requiring Defendants to pay to Plaintiffs attorneys' fees, expenses, and costs incurred in this action.

- 22 -

139. Requiring Defendants to deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all products, fixtures, writing, signage, art work and other material which infringe Plaintiffs' rights, falsely designate source or origin, or otherwise facilitate Defendants' unfair competition with Plaintiffs.

140. Requiring Defendants to notify all third-party search engine operators of this order and request such operators to assure there is no longer any association between any of Plaintiffs' Intellectual Property or any website operated by Defendants.

141. Directing Defendants to file with this court and serve on Plaintiffs within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with this injunction.

142. That Plaintiffs be granted such further relief as the Court may deem appropriate.

DATED: March 31, 2006

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By _____

Stephen Rovak, # 4218
Belinda Boyer, # 7367
Julie W. Calhoun, #502037
One Metropolitan Square, Suite 3000
St. Louis, MO 63102
Telephone: 314.241.1800
Facsimile: 314.259.5959
srovak@sonnenschein.com
baboyer@sonnenschein.com
jcalhoun@sonnenschein.com

*Attorneys for Plaintiffs Warner Bros.*
*Entertainment, Inc., Warner Bros. Consumer*
*Products, Inc., and Turner Entertainment Co.*

- 23 -

23194058\V-12