**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT, INC.,<br>WARNER BROS. CONSUMER PRODUCTS, INC,<br>and<br>TURNER ENTERTAINMENT CO.,<br><br>               Plaintiffs,<br><br>v.<br><br>DAVE GROSSMAN CREATIONS, INC.,<br>GIFT OF SOUND LLC, X ONE X PRODUCTIONS<br>d/b/a X ONE X MOVIE ARCHIVES, INC.,<br>A.V.E. L.A., INC d/b/a ART & VINTAGE<br>ENTERTAINMENT LICENSING AGENCY, and<br>ART-NOSTALGIA.COM, INC.,<br><br>               Defendants. | Case Number:  06-CV-00546 HEA<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANTS, X ONE X PRODUCTIONS, A.V.E.L.A., INC. AND ART-
NOSTALGIA.COM'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
TO PLAINTIFFS' COMPLAINT</u>**

Defendants, X One X Productions, A.V.E.L.A., Inc., and Art-Nostalgia.com, Inc.,
(collectively "Defendants" or "Answering Defendants"), hereby answer Plaintiffs' Complaint as
follows:

**<u>Jurisdiction & Venue</u>**

1.     Defendants have insufficient knowledge to admit or deny the allegations set forth
in paragraph 1 of the Complaint and, and on that basis, deny the allegations.

2.     Defendants have insufficient knowledge to admit or deny the allegations set forth
in paragraph 2 of the Complaint and, and on that basis, deny the allegations.

3.     The terms "sell," "promote" and "conduct business activity" are vague and it is unclear what products they refer to, and on that basis Defendants deny that they sell, promote or conduct business activity within this District.  For the remainder of the paragraph 3, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 3 of the Complaint and, and on that basis, deny the allegations.

## Allegations Common to All Counts

## The Parties

4.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 4 of the Complaint and, and on that basis, deny the allegations.

5.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 5 of the Complaint and, and on that basis, deny the allegations.

6.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 6 of the Complaint and, and on that basis, deny the allegations.

7.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 7 of the Complaint and, and on that basis, deny the allegations.

8.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 8 of the Complaint and, and on that basis, deny the allegations.  Defendants admit that Exhibit A purports to be a license agreement.

9.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 9 of the Complaint and, and on that basis, deny the allegations.

10.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 10 of the Complaint and, and on that basis, deny the allegations.

11.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 11 of the Complaint and, and on that basis, deny the allegations.

12.     Defendants admit the allegations in paragraph 12 of the Complaint.

13.     Defendants admit the allegations in paragraph 13 of the Complaint.

14.     Defendants admit the allegations of paragraph 14 of the Complaint.

15.     Defendants admit Leo Valencia is president and a corporate officer of X One X, AVELA and Art-Nostalgia and deny the remainder of paragraph 15.

16.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 16 of the complaint, and on that basis, deny the allegations.

17.     Defendants deny they have willfully and intentionally manufactured, promoted, sold, offered for sale and distributed goods affiliated with Dave Grossman Creations and Gift of Sound which are located within the District.

### Plaintiffs' Copyrights, Trademarks and Commercial Use Agreement

18.     The statement that Plaintiffs hold the "exclusive rights" to the Motion Pictures is vague, and on that basis, Defendants deny paragraph 18 of the Complaint.  Defendants also have insufficient knowledge to admit or deny the allegations set forth in paragraph 18 of the complaint, and on that basis, deny the allegations.

19.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 19 of the complaint, and on that basis, deny the allegations.  Defendants admit that Exhibit B purports to contained copyrights.

20.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 20 of the complaint, and on that basis, deny the allegations.

21.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 21 of the complaint, and on that basis, deny the allegations.

22.     Defendants deny the allegations of paragraph 22 of the Complaint.

23.     Defendants admit that Plaintiffs refer to their purported trademarks as "Plaintiffs' Marks."

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 25 of the complaint, and on that basis, deny the allegations.

26.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 26 of the complaint, and on that basis, deny the allegations.

27.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 27 of the complaint, and on that basis, deny the allegations.

28.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 28 of the complaint, and on that basis, deny the allegations.  Defendants admit that Plaintiffs refer to their purported intellectual property as "Plaintiffs' Intellectual Property."

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 30 of the complaint, and on that basis, deny the allegations.

31.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 31 of the complaint, and on that basis, deny the allegations.

32.     Defendants have insufficient knowledge to admit or deny the allegations set forth in the first sentence of paragraph 32 of the complaint, and on that basis, deny the allegations. Defendants deny the second sentence.

### Dave Grossman Creations' Infringing Activities

33.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants

have insufficient knowledge to admit or deny the allegations set forth in paragraph 33 of the complaint, and on that basis, deny the allegations.

34.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 34 of the complaint, and on that basis, deny the allegations.

35.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 35 of the complaint, and on that basis, deny the allegations.

36.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 36 of the complaint, and on that basis, deny the allegations.

37.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 37 of the complaint, and on that basis, deny the allegations.

38.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants admit that the website www.davegrossmancreations.com appears to sell certain products. Defendants have insufficient knowledge regarding the rest of paragraph 38 to admit or deny the allegations set forth in paragraph 38 of the complaint, and on that basis, deny the allegations.

39.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 39 of the complaint, and on that basis, deny the allegations.

40.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants admit that the website www.davegrossmancreations.com has a link to "Wizard of Oz" featuring certain products.  Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 40 of the complaint, and on that basis, deny the allegations.

41.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants admit that the website www.davegrossmancreations.com has a link to "Gone With the Wind" featuring certain products.  Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 41 of the complaint, and on that basis, deny the allegations.

42.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants deny Plaintiffs hold the exclusive rights in the Intellectual Property, and Defendants have insufficient knowledge to admit or deny the allegations set forth in the rest of paragraph 42.

43.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 43 of the complaint, and on that basis, deny the allegations.  Defendants admit Exhibit K purports to be a letter from Katherine Chilton to David Grossman.

44.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 44 of the complaint, and on that basis, deny the allegations.  Defendants admit Exhibit K makes the purported statements.

45.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 45 the complaint, and on that basis, deny the allegations.  Defendants admit Exhibit L purports to be a letter from David Grossman's counsel.

46.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 46 of the complaint, and on that basis, deny the allegations.

47.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 47 of the complaint, and on that basis, deny the allegations.  Defendants admit Exhibit M purports to be a November 15, 2004 letter from Katherine Chilton.

48.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 48 of the

complaint, and on that basis, deny the allegations.  Defendants admit Exhibit N purports to be a November 22, 2004 letter from David Grossman's counsel.

49.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants admit that "Dave Grossman Creations" appears to be copied on Exhibit N.  Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 49 of the complaint, and on that basis, deny the allegations.

50.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants admit that "X One X," "Gift of Sound" and "Dave Grossman" appear in certain photos that are attached as Exhibits O and P.  Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 50 of the complaint, and on that basis, deny the allegations.

51.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants' web search of "X One X" directed them to amazon.com and as a result, Defendants deny the first sentence of paragraph 51.  Defendants admit the term "X One X" appears on www.avela.net. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 51 of the complaint, and on that basis, deny the allegations.

52.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants admit the term "X One X" appears on www.art-nostalgia.com.  Defendants have insufficient

knowledge to admit or deny the remaining allegations set forth in paragraph 52 of the complaint, and on that basis, deny the allegations.

53.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants admit Leo Valencia is president and a corporate officer of X One X, AVELA and Art-Nostalgia and deny the remainder of paragraph 53.

54.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants deny the allegations of paragraph 54 of the Complaint.

## Gift of Sound's Infringing Activities

55.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants admit that "Gift of Sound" appears in certain photos that are attached as Exhibits P Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 55 of the complaint, and on that basis, deny the allegations.

56.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants deny Plaintiffs hold the exclusive rights in the Intellectual Property, and Defendants have insufficient knowledge to admit or deny the allegations set forth in the rest of paragraph 56.

57.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 57 of the complaint, and on that basis, deny the allegations.

58.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 58 of the complaint, and on that basis, deny the allegations.

59.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 59 of the complaint, and on that basis, deny the allegations.

60.     This allegation is not directed at the Answering Defendants, and therefore, no answer is required from them.  To the extent an answer is deemed to be required, Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 60 of the complaint, and on that basis, deny the allegations.

## X One X's Infringing Activities

61.     Defendants admit Exhibit N purports to be a copy of a letter from Dave Grossman's attorney referencing "none of your products in the catalog are 'infringing' as they are being reproduced from licensed poster art through Art and Vintage Licensing Agency." Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 61 of the complaint, and on that basis, deny the allegations.

62.     Defendants' web search of "X One X" directed them to amazon.com and as a result, Defendants deny the first sentence of paragraph 62.  Defendants admit the term "X One X" appears on www.avela.net.  Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 62 of the complaint, and on that basis, deny the allegations.

63.     Defendants admit the term "X One X" appears on www.art-nostalgia.com. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 63 of the complaint, and on that basis, deny the allegations.

64.     Defendants admit Leo Valencia is president and a corporate officer of X One X, AVELA and Art-Nostalgia and deny the remainder of paragraph 64.

65.     Defendants admit the allegations in paragraph 65 of the Complaint.

66.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 66 of the complaint, and on that basis, deny the allegations.

67.     Defendants deny Plaintiffs hold the exclusive rights in the Intellectual Property, and Defendants have insufficient knowledge to admit or deny the allegations set forth in the rest of paragraph 67.

68.     Defendants deny the allegations of paragraph 68 of the Complaint.

### AVELA's Infringing Activities

69.     Defendants admit Exhibit N purports to be a copy of a letter from Dave Grossman's attorney referencing "none of your products in the catalog are 'infringing' as they are being reproduced from licensed poster art through Art and Vintage Licensing Agency." Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 69 of the complaint, and on that basis, deny the allegations.

70.     Defendants deny the allegations of paragraph 70 of the Complaint.

71.     Defendants admit Leo Valencia is president and a corporate officer of X One X, AVELA and Art-Nostalgia and deny the remainder of paragraph 71.

72.     Defendants admit the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Complaint.

74.     Defendants deny the allegations of paragraph 74 of the Complaint.

## Art-Nostalgia's Infringing Activities

75.     Defendants admit the term "X One X" appears on www.art-nostalgia.com.

76.     Defendants deny the allegations of paragraph 76 of the Complaint.

77.     Defendants admit Leo Valencia is president and a corporate officer of X One X, AVELA and Art-Nostalgia and deny the remainder of paragraph 77.

78.     Defendants admit the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations of paragraph 79 of the Complaint.

80.     Defendants deny the allegations of paragraph 80 of the Complaint.

## COUNT I – COPYRIGHT INFRINGEMENT

## (17 U.S.C. § 101)

81.     Defendants hereby incorporate and reallege the allegations in paragraphs 1 through 80 of this Answer as though fully set forth herein.

82.     Defendants deny the allegations of paragraph 82 of the Complaint.

83.     Defendants deny the allegations of paragraph 83 of the Complaint.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Complaint.

86.     Defendants deny the allegations of paragraph 86 of the Complaint.

87.     Defendants deny the allegations of paragraph 87 of the Complaint.

88.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 88 of the complaint because the terms "widely available" and "access" are not defined, and on that basis, deny the allegations made in paragraph 88 of the complaint.

89.     Defendants have insufficient knowledge to admit or deny the allegations set forth in the remainder of paragraph 89.

90.     Defendants deny the allegations of paragraph 90 of the Complaint.

91.     Defendants deny the allegations of paragraph 91 of the Complaint.

92.     Defendants deny the allegations of paragraph 92 of the Complaint.

## COUNT II – TRADEMARK INFRINGEMENT

## (15 U.S.C. § 1114)

93.     Defendants hereby incorporate and reallege the allegations in paragraph 1 through 92 of this Answer as though fully set forth herein.

94.     Defendants deny the allegations of paragraph 94 of the Complaint.

95.     Defendants deny the allegations of paragraph 95 of the Complaint.

96.     Defendants deny the allegations of paragraph 96 of the Complaint.

97.     Defendants deny the allegations of paragraph 97 of the Complaint.

98.     Defendants deny the allegations of paragraph 98 of the Complaint.

99.     Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 99.

100.     Defendants deny the allegations of paragraph 100 of the Complaint.

101.     Defendants deny the allegations of paragraph 101 of the Complaint.

102.     Defendants deny the allegations of paragraph 102 of the Complaint.

103.     Defendants deny the allegations of paragraph 103 of the Complaint.

## COUNT III – FEDERAL DILUTION

## (15 U.S.C. § 1125(c))

104.     Defendants reallege and incorporate the allegations set forth in paragraphs 1 through 103 of this Answer as though fully set forth herein.

105.     Defendants deny the allegations of paragraph 104 of the Complaint.

106.     Defendants deny the allegations of paragraph 105 of the Complaint.

107.     Defendants deny the allegations of paragraph 106 of the Complaint.

108.    Defendants deny the allegations of paragraph 107 of the Complaint.

109.    Defendants deny the allegations of paragraph 108 of the Complaint.

110.    Defendants deny the allegations of paragraph 109 of the Complaint.

### COUNT IV – VIOLATION OF PLAINTIFFS' RIGHT OF PUBLICITY

111.    Defendants hereby incorporate and reallege the allegations in paragraphs 1 through 110 of this Answer as though fully set forth herein.

112.    Defendants deny the allegations of paragraph 112 of the Complaint.

113.    Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraph 113 of the Complaint.

114.    Defendants deny the allegations of paragraph 114 of the Complaint.

115.    Defendants deny the allegations of paragraph 115 of the Complaint.

116.    Defendants deny the allegations of paragraph 116 of the Complaint.

117.    Defendants deny the allegations of paragraph 117 of the Complaint.

### COUNT V – UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

118.    Defendants hereby incorporate and reallege the allegations in paragraphs 1 through 117 of this Answer as though fully set forth herein.

119.    Defendants deny the allegations of paragraph 119 of the Complaint.

120.    Defendants deny the allegations of paragraph 120 of the Complaint.

121.    Defendants deny the allegations of paragraph 121 of the Complaint.

122.    Defendants deny the allegations of paragraph 122 of the Complaint.

123.    Defendants deny the allegations of paragraph 123 of the Complaint.

124.    Defendants deny the allegations of paragraph 124 of the Complaint.

## COUNT VI – STATE UNFAIR COMPETITION

125.    Defendants hereby incorporate and reallege the allegations in paragraphs 1 through 124 of this Answer as though fully set forth herein.

126.    Defendants deny the allegations of paragraph 126 of the Complaint.

127.    Defendants deny the allegations of paragraph 127 of the Complaint.

128.    Defendants deny the allegations of paragraph 128 of the Complaint.

129.    Defendants deny the allegations of paragraph 129 of the Complaint.

130.    Defendants deny the allegations of paragraph 130 of the Complaint.

131.    Defendants deny the allegations of paragraph 131 of the Complaint.

## Prayer for Relief

132.    Defendants deny the allegations of paragraph 132 of the Complaint.

133.    Defendants deny the allegations of paragraph 133 of the Complaint.

134.    Defendants deny the allegations of paragraph 134 of the Complaint.

135.    Defendants deny the allegations of paragraph 135 of the Complaint.

136.    Defendants deny the allegations of paragraph 136 of the Complaint.

137.    Defendants deny the allegations of paragraph 137 of the Complaint.

138.    Defendants deny the allegations of paragraph 138 of the Complaint.

139.    Defendants deny the allegations of paragraph 139 of the Complaint.

140.    Defendants deny the allegations of paragraph 140 of the Complaint.

141.    Defendants deny the allegations of paragraph 141 of the Complaint.

142.    Defendants deny the allegations of paragraph 142 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the remedies sought are barred by the First Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, or some of them, are barred or subject to dismissal for failure to comply with renewal, notice, and registration requirements, and with other necessary formalities.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the copyrights, trademarks, and other property on which Plaintiffs rely have been forfeited or abandoned.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof are not original.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' work or portion thereof are in the public domain.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the merger doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' works or portions thereof constitute *scenes a fair*.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiff has engaged in Copyright and Trademark misuse.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims or some or all of the relief sought for such claims are barred by the doctrines of waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants, and each of them, have a license, whether express or implied, to scan, copy, and/or display some or all of Plaintiffs' works or portions thereof.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiffs do not own the copyright, trademark and/or electronic rights for some or all of the works.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs do not have a valid copyright.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs do not have a valid trademark.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of *laches*.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of acquiescence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a basis for the recovery of attorney's fees.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of copyright fair use.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants were privileged in taking whatever action they have taken.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by Plaintiffs failure to mitigate its purported damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because Defendants could not have known through the exercise of reasonable care, the alleged facts underlying the Complaint.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

Defendants allege that any losses or damages that may have been incurred by Plaintiff are due solely to the acts or omissions of others for which Defendants have no responsibility.

## **<u>COUNTERCLAIM FOR DECLARATORY RELIEF</u>**

1.      Defendants hereby incorporate and reallege the preceeding allegations of this Answer as though fully set forth herein.

2.      Defendants bring these counterclaim allegations pursuant to Federal Rule of Civil Procedure 13 (a) and (b).

3.      This Court may entertain Defendants counterclaim pursuant to Article III of the Constitution, the Declaratory Judgment Act, its inherent equitable powers, and any other applicable authority.

4.      Plaintiffs have engaged in a campaign of telling third parties across the country and around the globe that Defendants are infringing upon Plaintiffs' copyrights and trademarks.

5.      For example, attorneys for Plaintiffs have written letters and communicated in other ways, telling Defendants' current and prospective customers that Defendants do not have the right to license their images, and as a result, the Plaintiffs are violating Plaintiffs' property rights.

6.      As a result of Plaintiffs' campaign to tell third parties that Defendants are violating Plaintiffs' alleged copyrights and trademarks, multiple customers, including retailers and other third parties are canceling their contracts with Defendants on a regular basis, and potential customers are refusing to enter into contracts with Defendants.

7.      Defendants are losing millions of dollars in contract deals with their current and potential customers as a result of Plaintiffs' communications with Defendants' customers.

8.      Even if this Court were to rule in favor of Defendants in this lawsuit, Defendants will still be harmed by Plaintiffs' statements to third parties because those third parties now believe Defendants do not have the right to license their images.

9.      It is possible, for example, that this lawsuit could be resolved by a determination that Defendants did not infringe Plaintiffs' alleged intellectual property rights.  Such a ruling would not necessarily determine whether Defendants and/or Plaintiffs have valid copyrights and/or trademarks because a ruling could simply determine that Defendants did not infringe Plaintiffs rights without determining the scope of each party's rights.

10.     Absent such a declaration, Defendants will continue to lose contracts with their current and potential clients.

11.     An order from the Court declaring that Defendants have the right to use and license their images to third parties is necessary to ensure the viability of Defendants' business.

12.     Based on the harm Defendants are now suffering and will suffer in the future due to Plaintiffs' conduct, an actual concrete and justiciable case or controversy exists, and is ripe, between the parties because they have adverse legal interests and there is an immediate harm to Defendants that warrants the issuance of a declaratory judgment.

13.     Defendants seek a declaration that Defendants have the right to license their images to third parties because they own the right to such images and such images are not owned by Plaintiffs.

WHEREFORE, these answering Defendants pray the Court as follows:

14.     That the Court dismiss the Complaint for failure to state a claim upon which relief can be granted;

15.     That Plaintiffs recover nothing of these answering Defendants;

16.     That the Court deny Plaintiffs' request for monetary, injunctive and declaratory relief;

17.     That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiffs in favor of Defendants;

18.     That the Court issue a declaration that Defendants have the right to license their images to third parties because they own the right to such images and such images are not owned by Plaintiffs.

19.     That the Court grant Defendants such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendants, pursuant to Rule 38(b), Fed.R.Civ.P., hereby demand a trial by jury of all issues triable of right by a jury.


Dated:          May 30, 2006

                    Respectfully submitted,

                    **GRAY, RITTER & GRAHAM, P.C.**


                    By:  /s/   Don M. Downing
                    Don M. Downing, EDMO Bar #41786
                    701 Market Street, Suite 800
                    St. Louis, MO  63101-1826
                    Telephone:    (314) 241-5620
                    Facsimile:    (314) 241-4140


                    Patrick J. Stueve        MO#   37682
                    (admitted *pro hac vice*)
                    Eric L. Dirks            MO#   54921
                    (admitted *pro hac vice*)
                    **STUEVE SIEGEL HANSON WOODY LLP**
                    330 W. 47th Street, Suite 250
                    Kansas City, Missouri 64112
                    Telephone:    (816) 714-7100
                    Facsimile:    (816) 714-7101


                    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Stephen Rovak, #4218
Belinda Boyer, #7367
Julie W. Calhoun, #502037
One Metropolitan Square, Suite 3000
St. Louis, MO  63102
srovak@sonnenschein.com
baboyer@sonnenschein.com
jcalhoun@sonnenschein.com

**ATTORNEYS FOR PLAINTIFFS**

Charles F. Dufour, Jr.
Becker, Dufor & Yarbrough LLP
8011 Clayton Road, Third Floor
St. Louis, MO  63117
dufourbdy@aolcom

Lionel L. Lucchesi
Polster, Lieder, Woodruff & Lucchesi
12412 Powerscourt Drive, Suite 200
St. Louis, MO63131
llucchesi@patpro.com

**ATTORNEYS FOR DEFENDANTS DAVE GROSSMAN**
    **CREATIONS, INC AND GIFT OF SOUND, L.L.C.**

/s/      Don M. Downing
**ATTORNEY FOR DEFENDANTS**