UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WARNER BROS. ENTERTAINMENT, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. 4:06CV546 HEA |
| DAVE GROSSMAN CREATIONS, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Permanent Injunction, [Doc. No. 256]. Defendants oppose the motion. Plaintiffs move for a permanent injunction against Defendants following summary judgment in their favor on claims of copyright infringement. For the reasons set forth below, Plaintiffs' motion is granted.

## Facts and Background

The relevant facts are set forth in the Court's Opinion, Memorandum and Order entered March 20, 2009. In that Opinion, the Court found that Plaintiffs were the owners of the Copyrights in the films Wizard of Oz and Gone with the Wind, as well as the entire series of animated shorts and motion pictures featuring the cartoon

characters, Tom and Jerry. Defendants "licensed" images from these motion pictures and animated shorts to various product makers and distributors. Plaintiffs filed this action alleging copyright infringement, among other claims. In the March 20, 2009 Opinion, the Court entered summary judgment in favor of Plaintiffs and against Defendants for copyright infringement. Plaintiffs now seek a permanent injunction against Defendants from further continued infringement.

## **Discussion**

The Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a). "Injunctions regularly are issued pursuant to the mandate of Section 502, because the public interest is the interest in upholding copyright protections." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir.2005) (citation omitted). Additionally, the Court has the equitable power to order destruction of all infringing copies in Defendant's possession. 17 U.S.C. § 503(b). To determine whether permanent injunctive relief is warranted, the Court balances three factors: (1) the threat of irreparable harm to the moving party; (2) the balance of harm between this harm and the harm suffered by the nonmoving party if the injunction is granted; and (3) the public interest.

*Taylor*, 403 F.3d at 967.

**Irreparable Harm**

There exists in this Circuit a long line of case law which presumes the existence of irreparable harm based upon a finding of copyright infringement. See, e.g., *Nat'l Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 729 (8th Cir.1986) ("Copyright law has long held that irreparable injury is presumed when the exclusive rights of the holder are infringed.") (citation omitted).

Defendants argue that because Plaintiffs seek monetary damages, they are therefore precluded from seeking injunctive relief. Defendants are brazenly incorrect with respect to their "election" argument. Defendant has not controverted Plaintiffs' evidence that they continue to "license" the images, the very same images this Court has held infringe Plaintiffs' copyrighted images. The harm Plaintiffs face is irreparable and monetary damages are inadequate precisely because actual damages are difficult to compute and Defendants continue to infringe. Given the large volume of "licensing" of Defendants and their continued refusal to accept responsibility for their actions, it is reasonable to conclude that an injunction is necessary to prevent future infringement. This threat of repeated infringement, the

difficulty of detecting future infringement[1] and Defendants' failure to heed this Court's ruling on the summary judgment motion weighs heavily in favor of a finding of a threat of irreparable harm. Plaintiffs are entitled to monetary damages for *past* infringement and have established the irreparable harm element of this analysis. Like naughty, selfish children defendants have worked to thwart this Court's Order and continue to unfairly and illegally gain from Plaintiffs' protected works. This factor clearly favors the entry of a permanent injunction.

**Balance of the Hardships**

The balance of the hardships acutely favors an injunction. Defendants' conduct could create exponential harm to Plaintiffs, but the requested injunction would inflict minimal hardship on Defendants. There is no cognizable harm to Defendants in being enjoined from doing something that is against the law and for which they have already been found liable. Defendants have pitifully failed to identify any hardship that would be inflicted upon them if the injunction is issued. See *Taylor*, 403 F.3d at 968 (harm to the defendant is minimal because the defendant could continue to sell other designs in its portfolio). As Plaintiffs point out, Defendants do not rely solely on the copyrighted images for their licenses, and

---

[1] As previously detailed throughout this litigation, Defendants have not been entirely forthcoming with answers to discovery as to their operations and use of the subject images.

Defendants can continue to license those images not protected by Plaintiffs' copyrights.

**Public Interest**

Injunctions regularly are issued pursuant to the mandate of section 502, because the public interest is the interest in upholding copyright protections. Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work. *Taylor Corp.*, 403 F.3d at 968 (citations omitted). The public interest weighs in favor of an injunction. The general rule applies here: the public interest is in favor of upholding copyright protections and the copyright holder's exclusivity. Defendants have presented no evidence or authority to the contrary. There is no exception to the general for the Defendants herein.

**Conclusion**

The Court grants Plaintiffs' request for an injunction. Analysis of each equitable factor favors entry of a permanent injunction barring future infringement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Permanent Injunction, [Doc. No 256], is **GRANTED**.

**IT IS FURTHER ORDERED** that, with the exception noted below, Defendants are permanently enjoined from licensing, attempting to license, or otherwise using for commercial gain images from the Tom and Jerry films as well as images of the characters Tom and Jerry.

**IT IS FURTHER ORDERED** that, with the exception noted below, Defendants are **permanently enjoined** from licensing, attempting to license, or otherwise using for commercial gain images from the film The Wizard of Oz as well as images of Judy Garland as Dorothy Gale, Ray Bolger as Scarecrow, Jack Haley as Tin Man, and Burt Lahr as Cowardly Lion.

**IT IS FURTHER ORDERED** that, with the exception noted below, Defendants are **permanently enjoined** from licensing, attempting to license, or otherwise using for commercial gain images from the film Gone With the Wind as well as images of Vivien Leigh as Scarlett O'Hara and Clark Gable as Rhett Butler.

**IT IS FURTHER ORDERED** that Defendants are not enjoined from licensing, attempting to license, or otherwise using for commercial gain reproductions of public domain movie publicity materials, in their entirety and without alteration or modification. However, licensing, attempting to license or

otherwise using for commercial gain images of movie publicity materials for use in any manner that displays less than the full movie publicity material are enjoined.

Dated this 4th day of March, 2010.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE