UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WARNER BROTHERS ENTERTAINMENT, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) Case No. 4:06CV546 HEA |
| DAVE GROSSMAN CREATIONS, et al, | ) ) ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees,[1] [Doc. No. 335], pursuant to the Copyright Act and the Lanham Act. Defendants oppose the Motion. Also before the Court is Defendants' Motion to Amend Judgment Pursuant to Rule 59(e). Plaintiffs oppose this Motion. For the reasons set forth below, the Motion for Attorneys' Fees is granted in part; the Motion to Amend is denied.

### **Introduction**

Plaintiffs claim attorneys'' fees in this action as "prevailing parties." Plaintiffs seek an award of attorneys' fees in the amount of $ 2,175,233.05. Defendants challenge both the granting and the amount of fees.

---

1 On September 14, 2015, the Clerk of the Court taxed costs against Defendants pursuant to the Bill of Costs filed by Plaintiffs and without objection by Defendants.

## Attorneys' Fees

**Copyright Act**

Under the Copyright Act, as a part of the remedy for infringement, "the court may award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. A district court's "'equitable discretion' to award such fees to a prevailing party is 'to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act.'" *Pearson Educ., Inc. v. Almgren,* 685 F.3d 691, 695–96(8th Cir.2012) (quoting *Action Tapes, Inc. v. Mattson,* 462 F.3d 1010, 1014 (8th Cir.2006)).

While "'[t]here is no precise rule or formula for making these determinations,'" several factors have been identified as appropriate for consideration in determining whether attorneys' fees should be awarded in any particular case. *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Such factors include "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 535 n. 19 (quoting the factors identified by *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (1986), and agreeing that "such factors may be used to guide courts' discretion, so long as [they] are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants

in an evenhanded manner"); *see also Action Tapes, Inc. v. Mattson,* 462 F.3d 1010, 1014 (8th Cir.2006) (listing the factors identified in *Fogerty* as factors courts should consider in exercising their equitable discretion to award attorneys' fees under § 505).

**Lanham Act**

> The Lanham Act provides that a court
>
> in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a); *see also Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC,* 626 F.3d 958, 960–63 (7th Cir.2010) (summarizing the different circuit tests for determining when a case is exceptional). We have held that an exceptional case is one in which the plaintiff's action was groundless, unreasonable, vexatious, or pursued in bad faith. *Aromatique, Inc. v. Gold Seal, Inc.,* 28 F.3d 863, 877 (8th Cir.1994) (citing *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 123 (8th Cir.1987)). Moreover, we have held that when a defendant's unlawful conduct "was willful and deliberate, the court may well determine that this is the type of 'exceptional' case for which an award of attorney's fees is appropriate." *Metric & Multistandard Components Corp. v. Metric's Inc.,* 635 F.2d 710, 716 (8th Cir.1980) (citations omitted).

*Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church,* 634 F.3d 1005, 1013-1014 (8th Cir. 2011).

Bad faith is not a prerequisite to a fee award under the Lanham Act. *Hartman,* 833 F.2d at 123 (citations omitted)).

Defendants willfully and deliberately used Plaintiffs' marks. As Plaintiffs correctly observe, Defendants have been on notice since this action was first filed in 2006 that they were infringing Plaintiffs' marks and refused to cease their activities. Defendants have attempted to avoid production of documents throughout the course of this litigation, which tends to demonstrate Defendants' deliberateness. The

3

totality of the circumstances in this action gives rise to the conclusion that this case is indeed exceptional. Accordingly, Plaintiffs are entitled to an attorneys' fee award under the Lanham Act.

In order to determine the amount of a reasonable fee, courts employ the "lodestar method" where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014).

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated." *Moysis v. DTG Datanet*, 278 F.3d 819, 828–829 (8th Cir.2002). The relevant legal market in this case is St Louis, Missouri. In determining whether a fee is reasonable, "the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates." *Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir.1991) (internal quotations and citations omitted).

In this case, Plaintiffs brought claims against Defendants for copyright and trademark infringement. The Court is well aware of the length and torturous nature of preparing this case based on Defendants numerous delays and tactics to postpone producing relevant materials, all the while continuing to conduct Defendant's business which infringed Plaintiff's copyrights and trademarks.

That having been said, however, the Court is somewhat perplexed over the

4

amount of what appears to be redundant attorney time. Several entries in Plaintiffs' submissions reflect that more than two attorneys and paralegals participated in the same tasks and/or conferences. Although the Court is mindful that more than a single attorney and paralegal might be required in an action of this nature, three and four attorneys and paralegals performing the same type of tasks is indeed redundant.

Likewise, Plaintiffs fail to justify the rates charged for attorneys and paralegals in *vis a vis* the St. Louis Market. For example, some paralegals are billed over 200 per hour and some attorneys are billed at over 500 per hour. Plaintiffs have not presented documentation to the Court which would establish that these hourly rates were reasonable at the time they were preformed and in this marketplace.

Plaintiffs' motion for attorneys' fees is granted. Plaintiffs shall, however, submit to the Court a revised itemization of their fees, with supporting detail of the reasons for duplicitous or redundant entries and documentation establishing that the fees charged over $500 for attorneys and $100 for paralegals and litigation support personnel are entitled reasonable in the St. Louis area. Plaintiffs' submissions shall be filed no later than October 13, 2015.

**Motion to Amend**

Defendants seek an amendment of the Final Judgment entered on December 16, 2014. Plaintiffs have no objection to the Court entering their proposed Final Judgment which was submitted as Exhibit A to their Reply to Defendants' Response to Plaintiffs' Motion to Amend the Judgment entered on March 31, 2014. The Court

agrees that the exception carved out in the proposed Final Judgment more accurately reflects the injunction in this matter. As such, Defendants' Motion to Amend is granted to the extent that the Court will carve out the exception to the injunction. The motion is denied in all other respects as it fails to present anything that has not already been considered by the Court throughout the course of this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Award of Attorneys' Fees, [Doc. No. 335], is granted in part.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit further documentation and justification of their attorneys' fees on or before October 13, 2015.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend, [Doc. No. 338], is granted in part.

An Amended Final Judgment will be entered.

Dated this 30th day of September, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE